1 F.3d 1232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bienvenido DIAZ, Petitioner-Appellant,
v.
Aaron JOHNSON, Secretary of Correction; LACY THORNBURG,
Attorney General, Respondents-Appellees.
 No. 92-6474.
 United States Court of Appeals,
 Fourth Circuit.
Submitted: May 25, 1993.
Decided: July 29, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 Bienvenido Diaz, Appellant Pro Se.
 Clarence Joe Delforge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, for Appellees.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Bienvenido Diaz appeals from the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254 (1988). Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, as to Diaz's claims of double jeopardy and due process violations, we affirm on the reasoning of the district court. Diaz v. Johnson, No. CA-91-672-F (E.D.N.C. Apr. 14, 1992). As to Diaz's assertion of insufficient evidence, we find that the evidence presented at his first trial was sufficient to support his conviction. Consequently, we affirm the district court's dismissal of this claim, though we do so on different reasoning than that applied by the district court.*
 
 
 2
 The standard of review for a claim of insufficient evidence is whether, viewing the evidence in the light most favorable to the prosecution, United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991), and according the benefit of all reasonable inferences to the government, United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 3
 Under North Carolina law, anyone who sells, manufactures, delivers, transports, or possesses more than fifty pounds of marijuana is guilty of the felony of trafficking in marijuana. N.C. Gen. Stat. Sec. 9095(h)(1) (Michie 1992); State v. Diaz, 346 S.E.2d at 489. A person can be found guilty of trafficking if found to be acting in concert with others to commit the crime. State v. Joyner, 255 S.E.2d 390, 395 (N.C. 1979). To act in concert with others to commit a crime, "[i]t is not necessary for the defendant to do any particular act constituting at least part of the crime ... so long as he is present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime...." State v. Begley, 323 S.E.2d 56, 57-58 (N.C. 1984). Further, under North Carolina law, the evidence of the crime can be either circumstantial or direct, and "the circumstantial evidence need not exclude every reasonable hypothesis of innocence." State v. Jones, 279 S.E.2d 835, 838 (N.C. 1981).
 
 
 4
 The state established that marijuana was smuggled into North Carolina on May 1 and 2, 1984, from the Long Shoal River onto a dirt road and to Highway 264. A car rented in Diaz's name was impounded in the raid. Several of the smugglers fled into the swamp when the police arrived at the smuggling site. Three days after the raid, Diaz, a Florida resident, was found wandering along Highway 264, ten to fifteen miles from any habitation, and five miles from the site of the raid. He admitted to the arresting officer that he had been in the swamp for several days. This evidence, taken in the light most favorable to the prosecution, and granting the prosecution the benefit of all the inferences, establishes that Diaz was present at the smuggling site and acted in concert with others to traffic in marijuana. Because the evidence was sufficient to convict Diaz in his first trial, his retrial (after the state supreme court vacated his conviction due to the jury's lack of unanimity) did not violate the double jeopardy clause.
 
 
 5
 Therefore, we affirm the district court's dismissal of Diaz's habeas petition and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The district court declined to review this claim because Diaz was not in custody for a conviction arising from the first trial. However, since the double jeopardy claim depended in part on whether the evidence at the first trial was sufficient, see Lockhart v. Nelson, 488 U.S. 33 (1988), we have independently reviewed this claim and found it to be without merit