STATE OF NORTH CAROLINA
v.
TONY ROBERT SHUMATE, Defendant.
No. COA06-1450
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.
William D. Auman for defendant-appellant.
GEER, Judge.
Defendant Tony Robert Shumate appeals from his conviction for taking indecent liberties with a child. On appeal, defendant primarily argues that the trial court violated his constitutional right to remain silent by permitting testimony regarding his failure to provide police with a statement. Because the testimony related to a time frame before defendant had been read his Miranda rights and prior to any arrest, we hold there was no violation of defendant's constitutional rights.

Facts
The State's evidence at trial tended to show the following facts. Rebecca Taylor was dating defendant (born in 1961) throughout 2005. Defendant stayed with Rebecca and her daughter, "`Beth" (born in 1993),[1] over Easter weekend. At around 5:00 a.m. on Easter morning, 27 March 2005, Rebecca went to her great aunt's house to help prepare Easter dinner.
Beth awoke a short time later to find defendant kissing her neck. Although Beth tried to get up, defendant put one arm around her waist and pulled her back down, touched her breast, put a hand in her pants, and rubbed her "private." Defendant then told Beth to keep quiet and began unbuttoning his pants. Defendant took Beth's hand as if to "try to make [her] touch his penis" but, before she did, the phone rang and Beth leapt from her bed to answer it. The phone call was from Beth's mother, who was returning home. Defendant did not touch Beth again.
Beth eventually told her parents what happened, and they reported the matter to the police on 3 June 2005. Following an investigation, defendant was indicted for taking indecent liberties with a child on 12 September 2005. A jury found defendant guilty on 31 May 2006, and the trial court sentenced defendant to 21 to 26 months imprisonment. Defendant now appeals to this Court.

I
Defendant first argues that the trial court erred by permitting the State to question Detective Linda Nichols of the Wilkes County Sheriff's Department regarding her unsuccessful efforts to locate defendant in order to obtain his statement. Specifically, defendant points to the following exchange between the prosecutor and Detective Nichols:
Q. [Prosecutor] . . . . How long did you try to track down the Defendant to get a statement from him?
A. [By Detective Nichols] Quite some time. I tried to  every place I knew to go to find him without any luck.
Q. Okay. How many days or weeks did you spend?
[Defense Counsel]: Objection, Your Honor, as to this whole line of questioning. He has a right not to give a statement.
COURT: Well, overruled.
Detective Nichols went on to testify that defendant failed to appear at two appointments with her and that she was, in fact, never able to speak with defendant. According to defendant, this testimony violated his constitutional rights by introducing evidence of his election to "remain silent" and to decline to provide Detective Nichols with a statement.
The United States Supreme Court first held in Doyle v. Ohio, 426 U.S. 610, 618, 49 L. Ed. 2d 91, 98, 96 S. Ct. 2240, 2245 (1976), that Miranda warnings contain an implicit assurance to a person who is given them that he will not be penalized for his post-arrest silence. "In such circumstances, it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." Id. Based on Doyle, our Supreme Court has held that "a defendant's exercise of his constitutionally protected rights to remain silent and to request counsel during interrogation may not be used against him at trial." State v. Elmore, 337 N.C. 789, 792, 448 S.E.2d 501, 502 (1994).
Assuming, without deciding, that defendant's objection was sufficient to preserve this issue for appellate review, we hold that Doyle and Elmore do not apply to the facts of this case. As our Supreme Court has explained, "[a]lthough the rule set forth in Doyle is well established, certain limitations to Doyle have developed in the case law of the United States Supreme Court and have been applied by this Court." State v. Westbrooks, 345 N.C. 43, 63, 478 S.E.2d 483, 495 (1996).
Thus, in Jenkins v. Anderson, 447 U.S. 231, 240, 65 L. Ed. 2d 86, 96, 100 S. Ct. 2124, 2130 (1980), the United States Supreme Court held that Doyle did not apply when "no governmental action induced petitioner to remain silent before arrest." The Court explained: "The failure to speak occurred before the petitioner was taken into custody and given Miranda warnings. Consequently, the fundamental unfairness present in Doyle is not present in this case. We hold that impeachment by use of prearrest silence does not violate the Fourteenth Amendment." Id. Our Supreme Court has since applied Jenkins to hold that no constitutional violation occurred when the silence at issue occurred prior to arrest and invocation of or reliance on the defendant's right to remain silent. See, e.g., State v. Bishop, 346 N.C. 365, 386, 488 S.E.2d 769, 780 (1997) ("The use of prearrest silence to impeach a defendant's credibility on cross-examination does not violate the Fifth or Fourteenth Amendment to the United States Constitution. In the present case defendant was not induced to remain silent prior to her arrest by any government assurances that her silence would not be used against her. Defendant did not invoke or rely upon her right to remain silent." (internal citations omitted)); Westbrooks, 345 N.C. at 63, 478 S.E.2d at 495 (holding that Doyle did not apply because "defendant was not induced to remain silent before her arrest, and use of her prearrest silence does not violate defendant's Fifth Amendment rights").
As is apparent from Detective Nichols' testimony, defendant had not yet been arrested or otherwise taken into custody at the time of her efforts to obtain a statement from him. Defendant had not been read his Miranda rights or in any other manner been induced to remain silent. Further, defendant had not, at that time, invoked or relied upon his right to remain silent. Under these circumstances, admission of Detective Nichols' testimony regarding defendant's failure to provide a statement did not violate defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution. Since defendant does not challenge this testimony on any other basis, this assignment of error is overruled. See also State v. Washington, 141 N.C. App. 354, 372, 540 S.E.2d 388, 400 (2000) (concluding testimony regarding defendant's pre-arrest silence did not implicate concerns embodied in Miranda because defendant had not yet received Miranda warnings), disc. review denied, 353 N.C. 396, 547 S.E.2d 427 (2001).

II
Defendant next argues that the trial court erred by denying his motion to dismiss the charge of taking indecent liberties with a child for insufficient evidence. A defendant's motion to dismiss should be denied if there is substantial evidence: (1) of each essential element of the offense charged and (2) of defendant's being the perpetrator of the offense. State v. Scott, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion. Id. at 597, 573 S.E.2d at 869. On review of a denial of a motion to dismiss, this Court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Id. at 596, 573 S.E.2d at 869. Contradictions and discrepancies do not warrant dismissal of the case, but, rather, are for the jury to resolve. Id.
In order to obtain a conviction for taking indecent liberties with a child, "the State must prove (1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire." State v. Rhodes, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987). See also N.C. Gen. Stat. § 14-202.1(a) (2005). Defendant does not specifically contest the sufficiency of the evidence supporting any particular element, but, rather, only generally argues that "the evidence presented was insubstantial to support his conviction."
Here, Detective Nichols testified without objection that defendant was born in 1961, and Beth testified that she was born in April 1993. Beth went on to testify that while her mother was out of the home on 27 March 2005, Beth awoke in the early morning hours to find defendant kissing her neck. He also touched her breast, put a hand in her pants, and, after unbuttoning his own pants, took her hand as if to "try to make [her] touch his penis."
This testimony is sufficient evidence to survive defendant's motion to dismiss. See, e.g., State v. Slone, 76 N.C. App. 628, 631, 334 S.E.2d 78, 80 (1985) (finding sufficient evidence of taking indecent liberties when 32-year-old defendant led 12-year-old girl into dark shed, put an arm around her, placed hand beneath her shorts, rubbed her vagina, and, when she tried to move away, pulled her back and fondled her again); State v. Bruce, 90 N.C. App. 547, 551, 369 S.E.2d 95, 98 (finding sufficient evidence of taking indecent liberties when adult defendant, while alone with young girl, placed his hands under her blouse and started rubbing her, then locked back door and took her into bedroom, but stopped rubbing her when her brother attempted to enter locked back door), disc. review denied, 323 N.C. 367, 373 S.E.2d 549 (1988).
Although defendant argues that the evidence was insufficient because the State relied only upon Beth's testimony and there was no corroborating physical evidence, the testimony of a single witness is adequate to withstand a motion to dismiss. See, e.g., State v. Lester, 294 N.C. 220, 225-26, 240 S.E.2d 391, 396 (1978) ("The unsupported testimony of an accomplice, if believed, is sufficient to support a conviction."); State v. Whitman, ___ N.C. App. ___, ___, 635 S.E.2d 906, 914 (2006) ("It is equally well-settled that the testimony of a single witness is adequate to withstand a motion to dismiss when that witness has testified as to all the required elements of the crimes at issue."). Any issues relating to Beth's credibility  such as those urged on appeal  were for the jury to decide. State v. Begley, 72 N.C. App. 37, 43, 323 S.E.2d 56, 60 (1984). The trial court, therefore, properly denied defendant's motion to dismiss.
No error.
Judges HUNTER and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] In order to maintain the child's privacy and for ease of reading, we will refer to the child by the pseudonym "Beth" throughout the opinion.