STATE OF NORTH CAROLINA v. JESSE LEE HENSLEY

No. COA07-770

(Filed 20 May 2008)

**Alcoholic Beverages— possession of malt beverage by person less than twenty-one years of age—motion to dismiss—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of possession of a malt beverage by a person less than twenty-one years of age under N.C.G.S. § 18B-302(b)(1), and the judgment is reversed, because: (1) while the State presented substantial evidence that defendant possessed the beer bottles and wine discovered in his vehicle, the State presented no evidence that there was even any liquid remaining in the beer bottles, nor any residue of a liquid, and not even the type of beer indicated by the label, which could give rise to an inference that the type of beverage in the bottle fits the legal definition of a "malt beverage;" (2) the deputy testified that he threw away the beer bottles rather than preserve the bottles as evidence; (3) the State presented no evidence that the wine discovered in defendant's vehicle came under the purview of the definition of "malt beverage" as defined in N.C.G.S. § 18B-101(9), and defendant was not charged with possession of unfortified wine; (4) although the facts admittedly demonstrated that defendant had consumed some type of alcoholic beverage, consumption and possession are two different matters; and (5) defendant was not tried for consumption of a malt beverage.

Appeal by defendant from judgment entered 30 January 2007 by Judge J. Marlene Hyatt in Yancey County Superior Court. Heard in the Court of Appeals 12 December 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Robert D. Croom, for the State.*

*Kathleen A. Widelski, for defendant-appellant.*

CALABRIA, Judge.

Jesse Lee Hensley ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of possession of a malt beverage by a person less than twenty-one years of age. We reverse.

The State presented the following pertinent evidence: On 7 January 2006, Yancey County Deputy Sheriff Nathan Ball ("Deputy Ball") was on routine patrol at approximately 1:30 a.m on Westside Road. A 1999 Oldsmobile ("the Oldsmobile" or "the vehicle") pulled out in front of his vehicle and after traveling approximately two hundred yards, the Oldsmobile turned right onto Abby Road, a private road. Since Deputy Ball knew approximately four of the residents on Abby Road and was concerned that defendant did not reside on the private road, Deputy Ball checked defendant's license plate and discovered the vehicle was registered to defendant.

After waiting approximately five minutes, Deputy Ball drove onto Abby Road. When he was nearly at the end of the private road, he observed the Oldsmobile, traveling between five and ten miles per hour, pass in front of him and turn. It appeared that defendant was trying to evade him, so Deputy Ball decided to follow defendant. The lights from Deputy Ball's patrol car illuminated the Oldsmobile. With the aid of the lights, Deputy Ball could see the driver of the Oldsmobile and identified the driver as the defendant. After the Oldsmobile passed Deputy Ball's patrol car, Deputy Ball turned his patrol car around and continued following the defendant. When Deputy Ball turned on Westside Road, he observed defendant traveling at a high rate of speed inside Wheeler's Trailer Park ("Wheeler's").

Deputy Ball turned into Wheeler's and discovered the Oldsmobile parked beside a vacant manufactured home. When Deputy Ball looked inside the vehicle, defendant was not in the Oldsmobile, but he discovered open beer bottles and "some type of wine." Another vehicle was located near the Oldsmobile that was occupied by several individuals. One of the occupants was David Stansberry ("Mr. Stansberry"). After speaking with the occupants, Deputy Ball walked to Mr. Stansberry's home.

Deputy Ball knocked on the Stansberrys' door and Heather Stansberry ("Heather"), defendant's cousin, answered. At that time, Heather lived with her parents. Deputy Ball asked Heather if he could enter the residence and Heather refused because she did not have her parents' consent. Deputy Ball then called for additional officers to assist him at the Stansberry residence. After the additional officers arrived, Heather and her parents allowed the officers to enter their residence.

Upon entering the residence, Deputy Ball discovered defendant lying on the couch in the living room. Defendant appeared to be asleep. Defendant stood up when Deputy Ball spoke to him and Deputy Ball noticed defendant's red glassy eyes and detected an odor of alcohol on him. Defendant told Deputy Ball that he was twenty years old. Based on his observations of defendant, Deputy Ball formed an opinion that defendant was appreciably impaired from alcohol, and placed defendant under arrest for driving while impaired. Deputy Ball also issued defendant a citation for possession or consumption of a malt beverage by a person less than twenty-one years of age pursuant to N.C. Gen. Stat. § 18B-302 (2005). After defendant was arrested, a chemical analysis of a sample of his breath using an Intoxilyzer 5000 showed that he had an alcohol concentration of .11.

On 18 May 2006, defendant pled not guilty to both offenses in Yancey County District Court and was found guilty as charged. Defendant appealed to Superior Court. At trial, defendant presented the following evidence: Defendant testified, *inter alia*, there were five sets of Oldsmobile keys and that the vehicle was a "community car" for his family. On the day he was arrested, he admitted that he drank a little bit of wine earlier in the day, then fell asleep on the Stansberrys' couch at approximately 10:45 p.m. He awoke around 1:00 a.m. when Deputy Ball appeared in the living room of the Stansberrys' residence. He claimed he did not operate the Oldsmobile on Westside Road or Abby Road that evening.

On 30 January 2007, in Yancey County Superior Court, the jury found defendant not guilty of driving while impaired, but returned a verdict finding defendant guilty of possession of a malt beverage while being less than twenty-one years of age. Judge J. Marlene Hyatt ("Judge Hyatt") sentenced defendant to a term of forty-five days in the North Carolina Department of Correction, suspended defendant's sentence and placed defendant on supervised probation for a period of twelve months. Defendant appeals.

On appeal, defendant argues the trial court erred in (I) denying defendant's motion to dismiss; (II) instructing the jury regarding the charge of possession of a malt beverage by a person less than twenty-one years of age; (III) failing to grant defendant's motion to suppress; and (IV) admitting a portion of Deputy Ball's testimony in violation of the hearsay rule under the North Carolina Rules of Evidence.

## I. Motion to Dismiss

We first address defendant's contention that the trial court erred in denying his motion to dismiss the charge for possession of a malt beverage by a person less than twenty-one years of age. Our standard of review on a motion to dismiss for insufficiency of the evidence is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). All evidence must "be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal[.]" *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). If the evidence "is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed." *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983).

Pursuant to N.C. Gen. Stat. § 18B-302(b)(1), it is unlawful for "[a] person less than 21 years old to purchase, to attempt to purchase, or to possess malt beverages or unfortified wine[.]" Therefore, for the State to survive a motion to dismiss regarding the charge for possession of a malt beverage by a person less than twenty-one years of age, the State must prove the following elements: (1) that defendant either purchased or possessed a malt beverage and (2) that defendant was under the age of twenty-one at the time of possession. Although the citation issued to defendant apparently included a charge of consumption of a malt beverage by a person less than twenty-one years of age pursuant to N.C. Gen. Stat. § 18B-302(b)(3), the State did not pursue this issue at trial. Only the charge of possession was submitted to the jury. In addition, the citation stated that defendant was

charged only with possession of a malt beverage. Neither wine nor unfortified wine were included in the citation.

In the instant case, Deputy Ball testified regarding defendant's age as follows:

Q: [W]ere you able to determine [defendant's] date of birth?

A: Yes, sir.

Q: What was his date of birth?

A: His date of birth is 2-26 of 1985.

Q: So on January 7th of 2006 he would have been twenty years old?

A: Yes, sir, twenty years of age.

Therefore, there is no dispute the evidence revealed that on the date of the incident, defendant was under the age of twenty-one. There also is no dispute that there is no evidence regarding defendant's purchase of a malt beverage. As such, the State must prove defendant possessed a malt beverage.

The State must present evidence that defendant had either actual or constructive possession of a malt beverage. *See State v. Weldon,* 314 N.C. 401, 403, 333 S.E.2d 701, 702 (1985). "Actual possession requires that a party have physical or personal custody of the item." *State v. Alston,* 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998) (citation omitted). However, "in a prosecution for possession of contraband materials, the prosecution is not required to prove actual physical possession of the materials. Proof of constructive possession is sufficient and that possession need not always be exclusive." *State v. Perry,* 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986) (citations omitted). Under a theory of constructive possession, an accused "has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use." *State v. Brown,* 310 N.C. 563, 569, 313 S.E.2d 585, 589 (1984) (citation and quotation omitted).

In the case *sub judice,* Deputy Ball discovered open beer bottles and "some type of wine" in the Oldsmobile he witnessed defendant driving. In addition, Deputy Ball testified that when he observed defendant driving the vehicle, defendant was the only person inside the vehicle. Defendant testified that the vehicle he drove on the night of the incident was his vehicle. Thus, we conclude the

State presented substantial evidence to prove defendant possessed both the beer bottles and the wine found in his vehicle. However, while the State presented substantial evidence that defendant possessed the beer bottles and wine discovered in his vehicle, we now determine whether the State presented substantial evidence to prove whether the bottles or the wine defendant possessed contained a malt beverage or could be considered a malt beverage.

On the date of the incident, under N.C. Gen. Stat. § 18B-101 (9), a "malt beverage" was defined as "beer, lager, malt liquor, ale, porter, and any other brewed or fermented beverage containing at least one-half of one percent (0.5%), and not more than fifteen percent (15%), alcohol by volume." N.C. Gen. Stat. § 18B-101(9) (2006).[1]

At trial, Deputy Ball testified for the State as to the type of open container he found in defendant's vehicle:

Q: What type of open containers do you recall seeing inside the vehicle?

A: There were beer bottles and some type of wine.

The State presented no evidence that there was even any liquid remaining in the beer bottles, nor any residue of a liquid, and not even the type of beer indicated by the label, which could give rise to an inference that the type of beverage in the bottle fits the legal definition of a "malt beverage." Furthermore, Deputy Ball testified that he threw away the beer bottles rather than preserve the bottles as evidence. In addition, the State presented no evidence that the wine discovered in defendant's vehicle came under the purview of the definition of "malt beverage" as defined in N.C. Gen. Stat. § 18B-101(9), and defendant was not charged with possession of unfortified wine.

Although the State presented substantial evidence that defendant possessed the beer bottles and wine discovered in his vehicle, the State must also present substantial evidence from which the jury could find that the beverages defendant possessed, or constructively possessed, were in fact "malt beverages." The evidence which supports the State's case, aside from the mere existence of "beer bottles," was Deputy Ball's observations, defendant's admission, and his blood

---

1. N.C. Gen. Stat. § 18B-101(9) subsequently was amended in 2006. *See* Act of 27 August 2006, ch. 264, sec. 95, 2006 N.C. Sess. Laws 1324. The North Carolina General Assembly inserted "except unfortified or fortified wine as defined by this Chapter," in the definition of a "malt beverage." However, since the date of the incident occurred on 7 January 2006, this addition to the definition of "malt beverage" is not applicable to this case.

alcohol concentration. Deputy Ball noticed defendant had "red, glassy eyes," and he detected an odor of alcohol. In addition, defendant admitted to Deputy Ball that he drank a half bottle of red wine earlier in the evening, and defendant's blood alcohol concentration level was .11. However, none of these facts demonstrate one of the three necessary elements of the charge against defendant, that defendant "had in his possession a malt beverage," since wine does not meet the definition of a "malt beverage." These facts admittedly demonstrate that defendant had consumed some type of alcoholic beverage, but consumption and possession are two different matters.

Although N.C. Gen. Stat. Chapter 18B, Article 1 does not define the word "consume" or "consumption" in relation to alcoholic beverages, "it is presumed that the Legislature intended the words of the statute to be given the meaning which they had in ordinary speech at the time the statute was enacted." *Transportation Service v. County of Robeson*, 283 N.C. 494, 500, 196 S.E.2d 770, 774 (1973). "Consume" is defined as "to eat or drink . . . ." Merriam-Webster's Collegiate Dictionary 268 (11th ed. 2003). Certainly, the common meaning of "consumption" as it relates to a beverage in the context of N.C. Gen. Stat. § 18B-302 is to drink the beverage. However, defendant was not tried for consumption of a malt beverage; he was tried only for possession of a malt beverage.

We conclude the State did not meet its burden of proving substantial evidence existed for all three elements of the offense charged. *Scott*, 356 N.C. at 595, 573 S.E.2d at 868. Accordingly, the trial court erred by not granting defendant's motion to dismiss. We therefore reverse the judgment. In light of our holding, we need not address defendant's remaining assignments of error.

Reversed.

Judges HUNTER and STROUD concur.