STATE OF NORTH CAROLINA v. BRIAN ALEXANDER SCOTT

No. 598PA01

(Filed 20 December 2002)

**1. Motor Vehicles— habitual driving while impaired—motion to dismiss—standard of review—substantial evidence**

The Court of Appeals erred by applying the proof beyond a reasonable doubt standard of review in determining whether the trial court properly dismissed the habitual DWI charge under N.C.G.S. § 15A-1227(a)(3) after the return of a verdict of guilty

but before entry of judgment because the appropriate standard of review is whether there is substantial evidence of each essential element of the offense charged or of a lesser offense included therein, and of defendant's being the perpetrator of such offense.

## 2. Motor Vehicles— habitual driving while impaired—motion to dismiss—sufficiency of evidence

The Court of Appeals erred by affirming the trial court's dismissal of defendant's conviction of habitual driving while impaired under N.C.G.S. § 20-138.5, because substantial evidence existed for each essential element of DWI and viewing the evidence in a light most favorable to the State reveals a reasonable inference of defendant's guilt based on direct and circumstantial evidence presented by the State.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 146 N.C. App. 283, 551 S.E.2d 916 (2001), affirming dismissal of a conviction for driving while impaired entered by Bullock, J., on 14 October 1999 in Superior Court, Durham County. Heard in the Supreme Court 9 September 2002.

*Roy Cooper, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, and Patricia A. Duffy, Assistant Attorney General, for the State-appellant.*

*Daniel Shatz for defendant-appellee.*

*Morrow Alexander Tash Kurtz & Porter, by Benjamin D. Porter, on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

BUTTERFIELD, Justice.

This case comes to us on discretionary review from a unanimous opinion of the Court of Appeals affirming the trial court's dismissal of defendant's conviction for driving while impaired (DWI). Defendant was indicted for DWI, habitual DWI, driving while license revoked (DWLR), carrying a concealed weapon, possession of a firearm by a felon, and being an habitual felon. A careful examination of the record reveals that defendant informed the trial court that he had authorized his counsel to stipulate to prior convictions of DWI and a prior felony larceny conviction. The record also reveals that there

was a clear understanding between defense counsel, the prosecutor, and the trial judge that there had been stipulations as to the DWI convictions and the felony larceny conviction pursuant to N.C.G.S. § 15A-928(c). The trial court proceeded with the trial accordingly. At the close of the State's case in chief, defendant moved to dismiss the charges because of insufficiency of the evidence. The trial court denied the motion. Defendant called three witnesses in his defense. At the close of all evidence, defendant did not move for dismissal or nonsuit.

The jury found defendant guilty of DWI and not guilty of carrying a concealed weapon. The parties disagree regarding the actual DWI charge upon which defendant was tried and convicted. Our careful review of the record confirms the State's argument that defendant was tried upon and found guilty of habitual DWI. Defendant pled guilty to the DWLR charge. Prior to proceeding with sentencing on the habitual DWI conviction, defendant moved to dismiss the DWI conviction based on insufficiency of the evidence. The trial court granted defendant's motion to dismiss. The order of 14 October 1999 references the offense as simply "driving while impaired." We have examined that portion of the transcript immediately after the jury returned its verdict of guilty. In the discussion between the prosecutor, defense counsel, and the trial judge regarding the habitual felon charge, the trial judge stated, "And you are saying habitual DWI is habitual felon, is the underlying charge to support the habitual felon?" Notwithstanding the clerical error in the order, the trial judge clearly intended to dismiss the habitual DWI charge.

The trial court subsequently sentenced defendant on the DWLR charge to which defendant pled guilty. The only issue before us is the dismissal of the habitual DWI charge. The Court of Appeals held that the State's appeal did not violate principles of double jeopardy. The Court of Appeals then addressed whether the trial court properly dismissed the habitual DWI charge. The Court of Appeals held that the trial court properly dismissed the charge and affirmed the actions of the trial court. From this determination, the State appeals.

The State raises two issues for our consideration: first, whether the Court of Appeals applied the correct standard of review in determining whether the trial court properly dismissed the habitual DWI charge, under N.C.G.S. § 15A-1227(a)(3), after the jury had returned a verdict of guilty but before entry of judgment; and second, whether there was sufficient evidence to sustain the jury's verdict of guilty. We first address the applicable standard of review.

**[1]** The Court of Appeals wrote, "As defendant refused to take the Intoxilyzer test, the State needed to prove beyond a reasonable doubt that defendant was impaired through his actions and words, and through other indicia that showed he was appreciably impaired. We conclude that the State has not met this burden." *State v. Scott*, 146 N.C. App. 283, 287, 551 S.E.2d 916, 919 (2001). The Court of Appeals then summarized the State's evidence against defendant. The Court of Appeals held that "this evidence, in and of itself, is not sufficient to prove beyond a reasonable doubt that defendant was appreciably impaired." *Id.* The State contends that the Court of Appeals erred in applying this "proof beyond a reasonable doubt" standard of review. We agree.

The Court of Appeals' holding requires the State to prove a defendant's guilt beyond a reasonable doubt in order to survive a motion to dismiss for insufficiency of the evidence after a jury has. returned a verdict of guilty but prior to entry of judgment. The applicable statutory provision, which the trial court referenced in deciding the motion, is N.C.G.S. § 15A-1227(a)(3). The statute provides as follows:

(a) A motion for dismissal for insufficiency of the evidence to sustain a conviction may be made at the following times:

(1) Upon close of the State's evidence.

(2) Upon close of all the evidence.

(3) After return of a verdict of guilty and before entry of judgment.

(4) After discharge of the jury without a verdict and before the end of the session.

(b) Failure to make the motion at the close of the State's evidence or after all the evidence is not a bar to making the motion at a later time as provided in subsection (a).

(c) The judge must rule on a motion to dismiss for insufficiency of the evidence before the trial may proceed.

(d) The sufficiency of all evidence introduced in a criminal case is reviewable on appeal without regard to whether a motion has been made during trial, as provided in G.S. 15A-1446(d)(5).

N.C.G.S. § 15A-1227 (2001). The State invites us to compare other statutory post-verdict motions that address the sufficiency of the evi-

**STATE v. SCOTT**

[356 N.C. 591 (2002)]

dence. However, a review of these statutes is not necessary to determine the issue before us. Therefore, we decline to address these statutes in the abstract and in hypothetical terms that would fall outside the scope of our review.

The State argues that the standard of review for a motion to dismiss should be uniform throughout the statute regardless of whether the motion is made at the close of the State's evidence, at the close of all the evidence, after return of a verdict of guilty and before entry of judgment, or after discharge of the jury without a verdict and before the end of the session. As this appears to be a case of first impression for this Court, we note that the doctrine of *stare decisis* requires us to hold that the standard of review to be applied to each provision in N.C.G.S. § 15A-1227 shall be uniform.

The legislature did not distinguish a motion to dismiss after the return of a verdict of guilty by setting it apart in another statute. Rather, the legislature included it within N.C.G.S. § 15A-1227 along with the other provisions. "Parts of the same statute dealing with the same subject matter must be considered and interpreted as a whole." *State ex rel. Comm'r of Ins. v. N.C. Auto. Rate Admin. Office*, 294 N.C. 60, 66, 241 S.E.2d 324, 328 (1978). We shall thus review this statute as a whole.

This Court has examined the standard of review for motions to dismiss in criminal trials. In *State v. Powell*, 299 N.C. 95, 261 S.E.2d 114 (1980), this Court held:

> Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.

> If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed.

*Id.* at 98, 261 S.E.2d at 117 (citations omitted). We reiterated this holding in *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993), and in *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). We find no compelling reason to depart from this standard of review. Therefore, the *Powell*

standard of review is appropriate for our examination of the evidence in the case *sub judice.*

[2] We now turn to the State's second issue, which addresses whether there was sufficient evidence to support the jury's verdict of guilty. In applying the standard of review for motions to dismiss as established in *Powell,* rather than the standard applied by the Court of Appeals in this case, we follow our holdings in *Barnes* and *Fritsch.* In *Fritsch,* we quoted the holding in *Barnes* and expanded upon it as follows:

> In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *State v. Benson,* 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. *Id.* The test for sufficiency of the evidence is the same whether the evidence is direct or circumstantial or both. *State v. Bullard,* 312 N.C. 129, 322 S.E.2d 370 (1984). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Stone,* 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988). If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then " 'it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.' " *State v. Thomas,* 296 N.C. 236, 244, 250 S.E.2d 204, 209 (1978) (alteration in original) (quoting *State v. Rowland,* 263 N.C. 353, 358, 139 S.E.2d 661, 665 (1965)).

*Barnes,* 334 N.C. at 75-76, 430 S.E.2d at 918-19. "Both competent and incompetent evidence must be considered." *State v. Lyons,* 340 N.C. 646, 658, 459 S.E.2d 770, 776 (1995). In addition, the defendant's evidence should be disregarded unless it is favorable to the State or does not conflict with the State's evidence. *See State v. Earnhardt,* 307 N.C. 62, 67, 296 S.E.2d 649, 653 (1982). The defendant's evidence that does not conflict "may be used to explain or clarify the evidence offered by the State." *Id.* When rul-

ing on a motion to dismiss, the trial court should be concerned only about whether the evidence is sufficient for jury consideration, not about the weight of the evidence. *See id.* at 67, 296 S.E.2d at 652.

*Fritsch*, 351 N.C. at 378-79, 526 S.E.2d at 455-56. Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion. *State v. Mann*, 355 N.C. 294, 301, 560 S.E.2d 776, 781, *cert. denied,* —— U.S. ——, —— L. Ed. 2d ——, 71 U.S.L.W. 3317 (2002). Following these holdings, we now review the sufficiency of the evidence in this case.

Defendant was charged with habitual DWI under N.C.G.S. § 20-138.5. One element of habitual DWI is driving while impaired as defined in N.C.G.S. § 20-138.1, which, in pertinent part, provides:

(a) Offense.—A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more.

N.C.G.S. § 20-138.1(a) (2001). The State presented evidence that: (1) defendant was traveling at a speed in excess of sixty miles per hour; (2) defendant's vehicle had no motor vehicle tags; (3) defendant did not immediately stop after the arresting officer activated his red and blue lights and did not do so until after the officer accelerated to keep up with the vehicle and activated his airhorn more than once; (4) defendant did not stop in the rightmost lane of the four-lane highway, but rather stopped at a "T" intersection in such a manner that defendant's and the officer's cars blocked the intersection; (5) defendant left his vehicle and started toward the officer's vehicle before being ordered to return to his vehicle; (6) upon approaching defendant's vehicle, the officer smelled a strong odor of alcohol; (7) the officer observed an open container of beer in the passenger area of defendant's vehicle; (8) defendant's coat was wet from what appeared to the officer to be beer waste; (9) defendant's speech was slurred; (10) defendant refused to take the ALCO-SENSOR test; and (11) defendant refused the Intoxilyzer test. Defendant presented evidence to

contradict the State's evidence. Evidence in the record supporting a contrary inference is not determinative on a motion to dismiss. *Fritsch*, 351 N.C. at 382, 526 S.E.2d at 457.

Under the proper standard of review, substantial evidence existed for each essential element of DWI. Viewing the evidence in a light most favorable to the State, we conclude that a reasonable inference of defendant's guilt may be drawn from the direct and circumstantial evidence presented by the State. Such evidence was sufficient to support the jury's verdict of guilty. Accordingly, the Court of Appeals erred in affirming the trial court's dismissal of the DWI charge.

Defendant has filed a motion with this Court to amend the record on appeal to reflect additional orders from the Superior Court, Durham County. After this matter was docketed in the Court of Appeals, appellate defense counsel filed a motion in the Superior Court, Durham County, to dismiss the habitual DWI and habitual felon charges that were still reflected in the Durham County Clerk of Superior Court's computer records. Appellate counsel's argument for allowing this motion was premised on the same argument that he has presented to this Court: that defendant was not convicted of habitual DWI and that the trial judge dismissed the DWI charge, as reflected on the 14 October 1999 order with the clerical error. The presiding judge allowed the motion in an order dated 8 February 2001. The State gave notice of appeal from the 8 February 2001 order. Appellate defense counsel filed a motion to dismiss the State's appeal for failure to perfect it. The presiding judge, with the State's consent, entered an order dated 6 August 2001 dismissing the appeal. We have allowed defendant's motion to amend the record so that we may prevent any misunderstanding regarding entry of judgment upon remand. The orders of 8 February 2001 and 6 August 2001, whereby appellate defense counsel sought to dismiss the charges of habitual DWI and being an habitual felon, did not affect the State's appeal. As we have determined, the trial court intended, and did, dismiss the habitual DWI charge. When the trial court dismissed the habitual DWI charge, the habitual felon charge was automatically dismissed because it was predicated on the habitual DWI conviction. The orders, at most, corrected the Durham County computer records.

Based upon the foregoing, we reverse the decision of the Court of Appeals and remand this case to that court for further remand to the Superior Court, Durham County. Upon remand, the trial court is to

sentence defendant for the habitual DWI and may continue with any proceedings pertinent to the habitual felon charge.

REVERSED AND REMANDED.