LEVINSON, Judge.
In a two-count bill of information, defendant was charged with (I) impaired driving pursuant to N.C.G.S. § 20-138.1, and (II) habitual impaired driving pursuant to N.C.G.S. § 20-138.5. Consistent with the provisions of N.C.G.S. § 15A-928(c), defendant admitted to the three prior offenses of driving while impaired which were alleged in Count II of the information. The jury returned a verdict of guilty on Count I of the information, impaired driving. Defendant now appeals from judgment and commitment for habitual impaired driving.
Defendant contends by her sole assignment of error that the trial court erred by denying her motion to dismiss for insufficiency of the evidence. Specifically, defendant arguesthere was not substantial evidence that she was impaired.
The evidence of the State tends to show that on the night of 20 September 2001, Officer Jason Nathaniel Hedrick of the Lexington Police Department observed a vehicle operating with a flat tire on South Main Street in the town. He heard a noise that sounded like metal grinding on concrete. Officer Hedrick conducted a "courtesy stop" to assist the motorist. As Officer Hedrick walked toward the driver's seat, he observed that not only was the rear driver's side tire flat, the entire driver's side had been damaged from the front fender to the rear. The driver's window was also broken out, and grass and dirt debris was on the rear deck of the vehicle. The vehicle had been riding on one of the wheel's rim. Officer Hedrick asked the driver, whom he identified as defendant, whether she knew she had a flat tire. Defendant responded that she had run over a nail. Officer Hedrick also called her attention to the damage to the vehicle. Defendant looked and declared, "Oh, my God. Someone's hit my car." She stated that someone must "have hit it at the bar . . .." Officer Hedrick detected the odor of alcohol on defendant's person. Defendant admitted to the officer that she "had a few to drink earlier that afternoon." Officer Hedrick asked defendant to submit to a preliminary breath test and defendant refused. In performing field sobriety tests at the roadside, defendant swayed slightly in the sway test, missed slightly touching the tip of her nose with her finger in the finger to nose test, and failed to stand for the full thirty seconds in the one leg stand test. Officer Hedrick formed the opinion that defendanthad "consumed a sufficient quantity of an impairing substance so as to appreciably impair her mental or physical capabilities[.]" He arrested her for driving while impaired and for having no operator's license.
After arriving at the police station, Officer Hedrick administered sobriety tests again. Defendant hesitated to perform the finger to nose test. She swayed slightly on the sway test. Defendant also swayed when she performed the walk and turn test and she took the incorrect number of steps. Defendant completed the one leg stand test without putting her foot down. During questioning at the police station, defendant indicated that she drank three beers from 8:00 p.m. to 11:00 p.m. When asked, defendant refused to submit to a chemical analysis of breath.
Upon a motion to dismiss the trial court determines whether there is substantial evidence to establish each element of the offense charged and to identify the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982). "The trial court's function is to determine whether the evidence will permit a reasonable inference that the defendant is guilty of the crimes charged." State v. Vause, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991). In deciding the motion, the trial court must consider the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference that may be drawn from the evidence. State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).
A prima facie case of driving while impaired exists when thereis evidence that the defendant has been drinking, combined with evidence of impairment, such as faulty driving or other conduct indicating an impairment of physical or mental faculties. State v. Hewitt, 263 N.C. 759, 764, 140 S.E.2d 241, 244 (1965). A law enforcement officer's opinion testimony that the operator of a vehicle is impaired is competent evidence to establish the element of impairment. See, State v. Rich, 351 N.C. 386, 398-99, 527 S.E.2d 299, 305-06 (2000). One's refusal to submit to a chemical analysis of breath is also evidence of impairment. State v. Scott, 356 N.C. 591, 597-98, 573 S.E.2d 866, 869-70 (2002).
In the case at bar, defendant was seen operating a vehicle which had a flat tire. She failed to observe obvious damage to the vehicle, including a broken driver's side window. She had the odor of alcohol on her person. She admitted that she drank alcoholic beverages that day. She failed to complete successfully the sobriety tests. She refused to submit to a chemical analysis of breath. Finally, in Officer Hedrick's opinion, defendant was impaired. Based upon the foregoing evidence, a jury could reasonably find defendant guilty of driving a motor vehicle on a highway or public vehicular area while under the influence of an impairing substance. This assignment of error is overruled.
No error.
Judges TIMMONS-GOODSON and CALABRIA concur.
Report per Rule 30(e).