STATE OF NORTH CAROLINA
v.
IVERSON WARNER DOLES, IV
No. COA08-308
Court of Appeals of North Carolina
Filed January 6, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Olga Vysotskaya, for the State.
C. Gary Triggs, P.A., by C. Gary Triggs, for defendant-appellant.
BRYANT, Judge.
Iverson Warner Doles, IV (defendant) appeals from judgments entered upon jury verdicts finding him guilty of two counts of assault on a female and one count of indecent liberties with a child. We find no error.

Facts
The State presented evidence tending to show the following: On 16 July 2005, defendant hosted a birthday party for his stepdaughter Debi[1] at his home. Friends from Debi's school attended, including Cari, Ali, and Vani. At the time of the party, each of the girls was 14 years old. Cari, Ali, and Vani each testified defendant touched them inappropriately by grabbing or pinching their buttocks or breasts during the party. The girls also testified they were extremely uncomfortable and felt offended by defendant's conduct.
Detective Charlie Oliver of the Marion Police Department testified that on 29 September 2005, he was dispatched to the Marion Christian Academy due to concerns regarding allegations made to the Department of Social Services. Cari and Ali were transported to the police station where they were interviewed by Detective Oliver and another officer. Detective Oliver testified that during the interview, Cari stated defendant had pinched her buttocks on 16 July 2005. Ali also stated during her interview with Detective Oliver that defendant had pinched her buttocks.
During the course of the investigation, Detective Oliver also interviewed defendant. Detective Oliver testified that during his interview, defendant stated he was attending counseling and learned during counseling that the way he touched his step-daughter was inappropriate. Defendant also stated he had grabbed Cari's buttocks on at least one occasion, but denied touching Debi or any of her friends in a sexual manner.
The State also presented the testimony of John Foster Middleton, a licensed psychological associate, who interviewed defendant on three separate occasions. Middleton testified that during the interviews defendant admitted to touching Debi and other young girls on their buttocks or breasts. Defendant was convicted of two counts of assault on a female and one count of taking indecent liberties with a child. Defendant appeals.
On appeal, defendant argues: (I) the trial court erred by failing to continue the matter after the court rejected a proposed plea agreement; (II) the trial court's misconduct deprived defendant of a fair trial; and (III) the trial court erred by denying defendant's motion to dismiss all charges.

I
Defendant argues the trial court erred by failing to allow defendant's motion to continue after a proposed plea agreement was rejected by the court. We disagree.
Pursuant to N.C. Gen. Stat. § 15A-1023, a defendant is entitled to a continuance until the next session of court "[u]pon rejection of the plea arrangement by the judge." N.C.G.S. § 15A-1023(b) (2007). Defendant contends he entered into a proposed plea agreement with the State and submitted the plea agreement to the trial court. After the court rejected the plea agreement, defendant motioned for a continuance, which the court denied.
The record before this Court indicates that a discussion regarding a plea arrangement occurred between the State, defendant, and the trial court in chambers on 24 September 2007. Defendant's trial was calendared for the following day on 25 September 2007, but the court postponed defendant's trial for one day and placed it on the 26 September 2007 calendar. On 26 September, defense counsel moved for a continuance based on the trial court's purported rejection of defendant's plea agreement during the 24 September discussion. Per defense counsel's request, the trial court reconstructed the 24 September in-chambers discussion as follows:
Okay. Then I find as fact that on Monday, . . . September the 24th, that [defense counsel] and [the district attorney] came to the door of the chambers and asked to speak to me in chambers about the case. It was the Iverson Doles' case. They wanted to talk about a plea that they had talked about between themselves and wanted to know what I thought about the plea. As they were discussing the plea, I never saw a plea transcript. It was not discussed in open court, nothing was discussed in open court.
Also, finding of fact, that I never understood exactly what the plea was suppose [sic] to be, but that [defense counsel] kept making statements about the State's witnesses, about how uncredible [sic] they were and about it should be an Alford plea and not a guilty plea. And without hearing anything further I said, "if it's such a bad case, let a jury decide." And that's why it was set for trial. . . . And on those findings of fact I'm denying the motion to continue.
In his brief, defendant argues the trial court erred by not granting his motion to continue after the court did not "accept the terms" of the plea agreement. However, defendant's argument is misleading in several respects. First, defense counsel and the State had not entered into a plea agreement at the time the discussion with the court occurred on 24 September. At that time, the State indicated it was unwilling to include "any further conditions" in discussion with defense counsel regarding a plea agreement. Further, the trial court found, and defendant concedesin his brief, that no plea agreement had been reduced to writing, i.e. no plea transcript had been prepared by either defense counsel or the State.
Defendant's brief is also misleading in that it indicates the in-chambers discussion between defense counsel, the State, and the court occurred on the same day as defendant's motion to continue. However, the transcript is clear that the in-chambers discussion occurred on 24 September; defendant's motion to continue based upon the "rejection" of defendant's plea agreement was made in open court on 26 September  two days later.
Although defendant correctly points out that N.C.G.S. § 15A-1023 provides a defendant entitlement to a continuance until the next session of court when the court rejects a plea agreement, the record does not support defendant's contention that he had entered into a plea agreement with the State. Thus, there was no agreement for the trial court to reject and defendant was not entitled to a continuance pursuant to N.C.G.S. 15A-1023. This assignment of error is overruled.

II
Defendant next argues the trial court committed reversible error by engaging in conduct that "deprived defendant of a fair trial." Defendant directs this Court's attention to several instances during the trial when the trial court ruled on an evidentiary matter, sustained an objection, overruled an objection, or performed other duties relating to the trial. Defendant characterizes the trial court's rulings and remarks during each instance as improper and breaching the requirement of conducting a fair and impartial trial thereby prejudicing defendant. We disagree.
"[E]very criminal defendant is entitled to a trial `before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm.' " State v. McLean, 181 N.C. App. 469, 473, 640 S.E.2d 770, 773 (2007) (quoting State v. Staley, 292 N.C. 160, 161, 232 S.E.2d 680, 681 (1977)). A trial judge is prohibited from expressing "any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1222 (2007). "[R]epeated indications of impatience and displeasure of such nature to indicate that the judge thinks little of counsel's intelligence and what he is doing are most damaging to a fair presentation of the defense." Staley, 292 N.C. at 163, 232 S.E.2d at 683 (citation omitted). "[E]ven if it cannot be said that a remark or comment is prejudicial in itself, an examination of the record may indicate a general tone or trend of hostility or ridicule which has a cumulative effect of prejudice." State v. Theer, 181 N.C. App. 349, 371, 639 S.E.2d 655, 669 (2007). However, "unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless." Id. The defendant bears the burden of showing that the remarks made by the trial judge deprived him of a fair trial. Id.
In the present case, we have closely examined the record before us. We conclude the challenged statements made by the trialcourt were not prejudicial; neither does the record reveal a cumulative prejudicial effect as a result of a "tone or trend of hostility or ridicule" from the judge. See Id. Therefore, defendant's assignment of error is overruled.

III
Defendant's last argument is the trial court erred by denying defendant's motion to dismiss at the close of the evidence. We disagree.
In deciding upon a motion to dismiss for lack of sufficient evidence, the evidence must be viewed in the light most favorable to the State, including all reasonable inferences that may be drawn therefrom. State v. Scott, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (citation omitted). Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal of the case. Id.
Substantial evidence must be presented as to each element of the offense charged, and of defendant being the perpetrator of the offense. Id. at 595, 573 S.E.2d at 868. "'Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" State v. Jarrett, 137 N.C. App. 256, 262, 527 S.E.2d 693, 697 (2000) (quoting State v. Jacobs, 128 N.C. App. 559, 563, 495 S.E.2d 757, 760-61 (1998), disc. review denied, 348 N.C. 506, 510 S.E.2d 665 (1998)). Evidence may be direct, circumstantial, or both, and as long as it substantially supports "' a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.'" State v. McNeil, 359 N.C. 800, 804, 617 S.E.2d 271, 274 (2005) (quoting State v. Butler, 356 N.C. 141, 145, 567 S.E.2d 137, 140 (2002)).
The elements of an assault on a female are: (1) an assault (2) upon a female person (3) by a male person (4) who is at least eighteen years old. N.C. Gen. Stat. § 14-33(c)(2) (2007). The elements of taking indecent liberties with a minor are: (1) a defendant who was at least 16 years of age; (2) the defendant was five years older than his victim; (3) the defendant willfully took or attempted to take an indecent liberty with the victim; (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred; and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire. State v. Thaggard, 168 N.C. App. 263, 282, 608 S.E.2d 774, 786 (2005); N.C. Gen. Stat. § 14-202.1 (2007).
Defendant has not argued any specific element of the charged offenses that the State failed to prove, and only states in his brief that "the necessary elements have not been proven." Viewing the evidence in the light most favorable to the State, we hold there was substantial evidence presented as to each element of the offenses. Therefore, this assignment of error is overruled.
NO ERROR.
Judges WYNN and ARROWOOD concur.
Report per Rule 30(e).
Judge Arrowood concurred in this opinion prior to 31 December 2008.
NOTES
[1] Pseudonyms have been used to protect the identity of the victims.