STATE OF NORTH CAROLINA
v.
DeANGELO NEWSOME
No. COA08-1430
Court of Appeals of North Carolina.
Filed June 2, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Jacqueline M. Perez, for the State
Daniel F. Read, for defendant-appellant.
HUNTER, Robert C., Judge.
On 28 April 2008, defendant DeAngelo Newsome was indicted for assault with a deadly weapon inflicting serious injury, robbery with a dangerous weapon, and conspiracy. The case was tried at the 7 July 2008 Criminal Session of Northampton County Superior Court.
Defendant was convicted of assault with a deadly weapon inflicting serious injury and robbery with a dangerous weapon. The trial court consolidated the charges and sentenced defendant to a term of sixty to eighty-one months imprisonment. Defendant appeals. After careful review, we affirm.
On 15 February 2008, Tico Taylor was walking towards his mother's house in Rich Square, North Carolina. Sometime around 2 p.m., a car pulled up to him with two people in the car. Taylortestified that the passenger in the car was Tyshawn Williams. Taylor identified defendant as being the driver of the car. Taylor testified that Williams pointed a gun at him and got out of the car. Then, defendant pulled the car over, got out, and said "hit that nigger, shoot that nigger[.]" Taylor testified that Williams tossed defendant the pistol and the "[n]ext thing I new I was hit up side my head and fell to the ground and they went through my pockets." Taylor testified that he had "$2,000 on my left side and I had 200 and some dollars in the pocket that they took the money out of and I had $150 in my back pocket." Williams and the defendant kicked Taylor and hit him with the gun. Taylor testified that after they were done, Williams told him to "tell them that Little Raheem did it."
Defendant first argues that the trial court erred by allowing Taylor to testify that Williams told him to "tell them that Little Raheem did it." Defendant contends that this was inadmissible hearsay. Specifically, defendant argues that Williams' purported confession, even though it did not identify the defendant as the other assailant, "bolster[ed] the evidence against the known assailant by admitting his confession through hearsay [and] necessarily bolstered the theory that Williams and another man had committed the crime and that the police had gotten the right people, hence that it was more likely that [defendant] was the other man." We are not persuaded.
We first note that when Taylor testified that Williams told him to "tell them that Little Raheem did it," defendant's counselobjected. However, counsel did not state any grounds for the objection. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1). Moreover,
"where a theory argued on appeal was not raised before the trial court, `the law does not permit parties to swap horses between courts in order to get a better mount'" in the appellate courts. . . . "The defendant may not change his position from that taken at trial to obtain a `steadier mount' on appeal."
State v. Holliman, 155 N.C. App. 120, 123, 573 S.E.2d 682, 685 (2002) (quotations and citations omitted). Defendant argues on appeal that Taylor's testimony was hearsay. However, because counsel did not object on hearsay grounds at trial, he cannot make this argument for the first time on appeal.
Furthermore, even assuming arguendo that counsel had objected on hearsay grounds, we conclude the evidence would have been admissible. "Hearsay is defined as an out-of-court declaration offered for the purpose of proving the truth of the information contained in the declaration." State v. Jones, 347 N.C. 193, 216, 491 S.E.2d 641, 655 (1997)(citing N.C. Gen. Stat. § 8C-1, Rule 801(c)(1992)). The official commentary to Rule 801 points out that "if the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." N.C.R. Evid.801, Official Commentary. Here, we agree with the State that Taylor's testimony was not offered for the purpose of proving the truth of Williams' statement, but instead was evidence of a statement "made in bravado directly to the victim." Moreover, the statement was not necessary to identify Williams, since Taylor had already identified him, and the statement did not implicate the defendant. We find defendant's argument that the statement somehow impermissibly bolstered the State's case against him is, at best, tenuous.
Defendant next argues that there was insufficient evidence to sustain the conviction. Specifically, defendant contends that the State failed to present evidence of identity to prove its case beyond a reasonable doubt.
After careful review of the record, briefs and contentions of the parties, we find no error. To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). When reviewing the sufficiency of the evidence, "[t]he trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Patterson, 335 N.C. 437, 450, 439 S.E.2d 578, 585 (1994)(citing State v. Vause, 328 N.C. 231, 236,400 S.E.2d 57, 61 (1991)).
In the instant case, Taylor identified the defendant repeatedly. Taylor testified that: (1) defendant was with Williams in the car that pulled up to him when he was walking to his mother's house; (2) defendant and Williams were kicking him and going through his pockets, and; (3) defendant and Williams took money from his pockets. Taylor also pointed out defendant in the courtroom as the man who was with Williams. Defendant did not move to suppress the identification, nor does he assign error to the identification of the defendant at trial. Except where out-of-court procedures result in an unreliable in-court identification, "it is for a jury to determine the credibility of this witness's identification of the defendant." State v. McCraw, 300 N.C. 610, 616, 268 S.E.2d 173, 177 (1980).
Taylor also indicated at trial that he knew who defendant was, referring to him as Williams' "little cousin." Officer Kevin Byrd of the Rich Square Police Department testified that when he interviewed Taylor at the hospital after the assault and robbery, Taylor told him he had been robbed by Williams and his cousin, although Taylor did not know the cousin's name at that time. Officer Byrd did testify, however, that in his notes from the interview, he wrote down the "nickname D." When Officer Byrd interviewed Taylor a few days later, Taylor gave Officer Byrd the name "D. Newsome."
Defendant claims that Taylor's identification of the defendant was "incredible" and full of "discrepancies." However, on a motionto dismiss, the trial court does not weigh the evidence or determine any witness' credibility. State v. Robinson, 355 N.C. 320, 336, 561 S.E.2d 245, 256 (citations omitted), cert. denied, 537 U.S. 1006, 154 L. Ed. 2d 404 (2002); see also State v. Scott, 356 N.C. 591, 597, 573 S.E.2d 866, 869 (2002)("on a motion to dismiss, the trial court should be concerned only about whether the evidence is sufficient for jury consideration, not about the weight of the evidence"). Therefore, we conclude the trial court did not err by denying the motion to dismiss for insufficiency of the evidence. Accordingly, we find no error.
No error.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).