STATE OF NORTH CAROLINA
v.
MARY ELIZABETH ROACH
No. COA08-720
Court of Appeals of North Carolina
Filed October 6, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel K. Shatz, for defendant-appellee.
CALABRIA, Judge.
The State of North Carolina ("the State") appeals an order setting aside jury verdicts of guilty to Felony Child Abuse Inflicting Serious Bodily Injury and First Degree Murder. We affirm.
On 9 November 2005, Hailey Rae Resch ("Hailey"), age three, was in the care of Mary Elizabeth Roach ("defendant"). At some point that afternoon, Hailey stopped breathing. Paramedics were summoned and extraordinary efforts were made to revive Hailey, but these proved unsuccessful. At the time she stopped breathing, Hailey had been in the exclusive care of defendant. When Hailey's parents left her with defendant that morning, Hailey appeared to be fine.
Emergency room physicians conducted a post-mortem examination of Hailey and discovered several small bruises of varying ages on Hailey's forehead. There was no evidence of broken bones and no significant signs of trauma, but there were retinal hemorrhages in both of Hailey's eyes.
On 10 November 2005, Dr. Cynthia Gardner ("Dr. Gardner") of the Office of the Chief Medical Examiner conducted an autopsy. Dr. Gardner noted a variety of injuries to Hailey. Specifically, the injuries included: five subgaleal hematomas; bilateral subdural neomembranes; contusions on the head, torso, and extremities; and bilateral retinal hemorrhages. There was no observable damage to the axons in Hailey's brain and no bleeding inside the brain. Medical experts for both the State and defendant agreed that Hailey suffered a subdural hematoma sometime in the weeks preceding her death.
Defendant was arrested, indicted, and subsequently tried in Guilford County Superior Court for the offenses of Felony Child Abuse Inflicting Serious Bodily Injury and First Degree Murder. At trial, the State's expert, Dr. Gardner, testified that in her opinion, Hailey's death was caused by blunt force trauma to the head, causing diffuse axonal injury ("DAI"), but offered no opinion as to the time frame in which Hailey must have suffered this trauma. Defendant's experts, Dr. Phillip C. Deaton and Dr. Roger E. McLendon, disagreed with the DAI diagnosis but could not provide a precise cause of death.
Defendant made a motion to dismiss at the close of the State's evidence. The trial court granted the motion as to murder under the theory of premeditation and deliberation but denied the motion as to felony child abuse and felony murder. Defendant made a motion to dismiss at the close of all the evidence; the trial court denied the motion.
On 30 November 2007, the jury returned guilty verdicts for the offenses of Felony Child Abuse Inflicting Serious Bodily Injury and First Degree Murder. After the verdicts were announced, defendant made a motion to dismiss for insufficient evidence pursuant to N.C. Gen. Stat. § 15A-1227(a)(3) (2007), which the trial court granted. Pursuant to N.C. Gen. Stat. § 15A-1445(a)(1) (2007), the State appeals.

I. Standard of Review
In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. The test for sufficiency of the evidence is the same whether the evidence is direct or circumstantial or both. Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.
State v. Scott, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (internal quotations and citations omitted). Sufficiency of evidence is a question of law that is reviewed de novo. See State v. Bagley, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007).

II. Felony Child Abuse Inflicting Serious Bodily Injury
The first charge submitted to the jury in this case was Felony Child Abuse Inflicting Serious Bodily Injury. The elements of this crime are that the defendant is (1) a parent or any other person providing care to or supervision of (2) a child less than 16 years of age (3) who intentionally inflicts any serious bodily injury to the child or who intentionally commits an assault upon the child which results in any serious bodily injury to the child. See N.C. Gen. Stat. § 14-318.4(a3) (2007). In this case, only the third element is in dispute.
The evidence clearly shows that Hailey suffered a closed head injury. Considering the evidence in the light most favorable to the State, the evidence is insufficient to establish that defendant was responsible for inflicting the injury. Although Dr. Gardner testified that blunt force trauma causing DAI was her theory of the cause of death, her testimony at trial did not establish the timing relationship between the blunt force trauma and the onset of DAI. Without establishing this link, the jury could not determine whether the injury was inflicted while Hailey was under defendant's exclusive care, or at some other earlier time.
Our courts have held, "[w]here an adult has exclusive custody of a child for a period of time and during such time the child suffers injuries which are neither self-inflicted nor accidental, the evidence is sufficient to create an inference that the adult inflicted an injury." State v. Perdue, 320 N.C. 51, 63, 357 S.E.2d 345, 353 (1987) (citations omitted); accord State v. Wilson, 181 N.C. App. 540, 543, 640 S.E.2d 403, 406 (2007). The State argues that we should adopt this line of reasoning in the instant case. But the State's evidence, even considered in the light most favorable to the State, makes it impossible to determine the timing of the fatal injury. The State cannot circumstantially establish that the injuries were intentionally inflicted by defendant just because the child happened to be under the exclusive care of defendant when death occurred. The State must prove that the injuries causing death were sustained while the victim was in the exclusive care of defendant, and in the instant case, it failed to do so.
Particularly instructive, because of its similarities to the instant case, is State v. Reber, 71 N.C. App. 256, 321 S.E.2d 484 (1984). In Reber, a child sustained a head injury where the evidence failed to establish the precise time the injury occurred. Id. at 260, 321 S.E.2d at 486. This Court, in dismissing the charges against the defendant father, stated, "But the injury in this instance, to blood vessels deep in the skull, was invisible, and the evidence does not show when or how it occurred." Id. Additionally, there was no medical opinion testimony offered that the injury was sustained during the interval the child was in the exclusive care of the defendant. Id.
The State's evidence in the instant case, taken in the light most favorable to the State, indicated that on 9 November 2005 Hailey "seemed fine," that she had no noticeable injuries, and that she stopped breathing while in defendant's exclusive care due to injuries of an unknown temporal origin. The nature and severity of Hailey's fatal injuries were not of the type that would necessarily have to be intentionally inflicted. This evidence is insufficient to support a conviction of defendant for intentionally abusing a child. The verdict in this case, that defendant intentionally abused Hailey on 9 November 2005, was "based on speculation and conjecture, not evidence, and cannot stand." Reber, 71 N.C. App. at 261, 321 S.E.2d at 486. The trial court was correct in dismissing this charge,

III. First Degree Murder (Felony Murder)
The second charge submitted to the jury in this case was First Degree Murder under the felony murder rule. "Felony murder on the basis of felonious child abuse requires the State to prove that the killing took place while the accused was perpetrating or attempting to perpetrate felonious child abuse with the use of a deadly weapon." State v. Pierce, 346 N.C. 471, 493, 488 S.E.2d 576, 589 (1997). As discussed above, the State did not present sufficient evidence that felonious child abuse was committed by defendant, and therefore a felony murder conviction is unsupportable.
Affirmed.
Judges HUNTER, Robert C. and HUNTER Jr., Robert N. concur.
Report per Rule 30(e).