An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-500

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

v.

Robeson County
Nos. 07 CRS 52689, 91, 93

LARRY BONNELL ROBINSON

Appeal by defendant from judgments entered 11 December 2011 by Judge Douglas B. Sasser in Robeson County Superior Court. Heard in the Court of Appeals on 10 October 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Paul F. Herzog, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Larry Bonnell Robinson, ("Defendant") appeals from judgments entered 11 December 2011. Defendant argues he is

entitled to a review of his convictions to determine if the trial court committed reversible error. We find no reversible error.

## I. Factual & Procedural History

On 2 May 2007, Merlin Oxendine, Jason Oxendine, Derrick Locklear, and Lee Chavis were all leaving Merlin Oxendine's trailer when a black four-door car pulled up to the house. Two African-American men exited the driver's side doors wearing dark bandanas over their faces. The driver raised a pistol with a large barrel and began shooting. The man who exited the rear of the car began shooting using an assault rifle, although he experienced some difficulty firing the gun.

Derrick Locklear was shot seven times with bullets fired from two different guns, with three shots entering his chest and killing him at the scene. Jason Oxendine testified that the driver of the black four-door car shot Derrick Locklear.

After Merlin Oxendine saw the two men exit the black four-door car, he ran back into his trailer to retrieve his revolver. When he came out, he aimed the gun and shot the driver in the leg. The driver then fell into the car and backed the car out of the driveway. After the car ran off into a ditch, the driver ran from the car.

Lee Chavis was able to flee the shooting in front of the trailer, but he was shot by two other men who came around the

other side of the trailer. Chavis died shortly thereafter. Jason Oxendine was also shot by the two men who shot Lee Chavis, but he survived his wounds.

Subsequently, officers responding to the scene found an African-American man, later identified as Defendant, in a field near the trailer with gunshot wounds to both legs. DNA testing on blood found on the driver's side of the car was a match to Defendant. Defendant admitted to officers that he was at the scene and was shot. Defendant stated, however, that he had come to the trailer because he was lost and that when he asked for directions, "people started shooting."

Previously, in May 2007, Isabelle Brockington overheard her boyfriend Muhamad Rahman telling a group of six men, including Defendant, that he was going to rob someone. Defendant, from New York, had recently come to area and was visiting Rahman every day. Brockington observed Rahman and Defendant loading guns including handguns and machine guns. The next day, Brockington saw on the front page of the "Robesonian" newspaper a story about the shootings.

On 13 November 2007, Defendant was indicted by a Robeson County grand jury for two counts of first-degree murder and one count of assault with a deadly weapon inflicting serious injury. On 19 September 2011, during the Criminal Session of Robeson County Superior Court, Defendant was tried capitally by a jury

before the Honorable Douglas B. Sasser, Superior Court Judge presiding. On 16 December 2011, the jury returned verdicts of guilty of the first-degree murder of Derrick Locklear on the basis of premeditation and deliberation; guilty of the second-degree murder of Lee Chavis; and guilty of the assault with a deadly weapon inflicting serious injury on Jason Oxendine.

After a capital sentencing hearing for the first-degree murder conviction, the jury recommended a sentence of life imprisonment without parole. On 21 December 2011, the trial court entered judgment accordingly. The trial court also sentenced Defendant to consecutive terms of 135-171 months and 20-33 months imprisonment for the second degree murder and assault with a deadly weapon inflicting serious injury convictions, respectively. Defendant gave notice of appeal in open court.

## II. Jurisdiction

The Court of Appeals of North Carolina has appellate jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b) and N.C. Gen. Stat. § 15A-1444(a) from a final judgment of the Robeson County Superior Court.

## III. Analysis

Counsel appointed to represent Defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct

its own review of the record for possible reversible error. Under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), this Court must make a determination of whether reversible error was committed by the trial court during the proceedings.

Counsel has shown to the satisfaction of this Court that he has complied with the requirements of *Anders* and *Kinch* by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.  Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time within which he could have done so has passed.

Counsel for Defendant has suggested two possible arguments for this Court to consider.  The first possible argument is that the short-form murder indictment did not sufficiently charge the offense of first-degree murder.

Our Supreme Court has consistently held that "indictments for murder based on the short-form indictment statute are in compliance with both the North Carolina and United States Constitutions." *State v. Braxton*, 352 N.C. 158, 174, 531 S.E.2d 428, 437 (2000). Our Supreme Court has also held that "the short-form indictment is sufficient to charge first-degree murder on the basis of any [theory]."  *Id*. at 174, 531 S.E.2d at 437.

Defendant was indicted for two counts of first-degree murder using short-form indictments. In the indictments, the grand jury provided that Defendant committed the murders unlawfully, willfully, feloniously, and with malice aforethought. The indictments each listed a victim. The trial court did not err by allowing Defendant's indictment for two counts of first-degree murder using the short-form indictments.

The second possible assignment of error suggested by counsel is that the trial court erred by declining to dismiss the charges due to insufficiency of the evidence that Defendant was an active participant in the crimes rather than merely an unknowing victim.

The standard of review for a challenge to the sufficiency of the evidence is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. *State v. Scott*, 356 N.C. 591, 595, 573 S.E.2d. 866, 868 (2002). If so, the motion is properly denied. *Id*. If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed. *Id*.

In this case, the Court must determine if there is substantial evidence of Defendant's identity as the perpetrator

of the crimes charged. Defendant admitted to the police that he was at the scene of the crimes, but asserted that he was there because he had gotten lost and that he was asking for directions when the shooting started. However, eyewitness testimony established that the driver of the black four-door car was part of a group of four men who shot at the victims. Defendant had injuries to both of his legs that were consistent with shots fired by Merlin Oxendine at the driver. Shortly before the shooting, Brockington had heard Rahman mention his plan to commit a robbery to Defendant and others, and she had seen Defendant and Rahman loading guns of the same type used in the murders and assault. Based on the evidence presented to the Court, there was sufficient evidence to support a finding that Defendant was a perpetrator of the crimes charged.

## IV. Conclusion

In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We have been unable to find any possible reversible error and conclude that the appeal is wholly frivolous.

No error.

Judges ERVIN and DAVIS concur.

Report per Rule 30(e).