BERGER, Judge.
 

 *413
 
 A New Hanover County jury found Micah Paul Rogers ("Defendant") guilty of larceny of a firearm on June 29, 2016. Defendant appeals, asserting that the trial court erred in denying his motion to dismiss for insufficient evidence. We disagree.
 

 Factual & Procedural Background
 

 On August 19, 2015, Bianca Justafort ("Justafort") invited her boyfriend, Zachary Weber ("Weber"), and Defendant over to the home she resided in with Sue Marie Sachs ("Sachs"). Throughout the day, Justafort, Weber, and Defendant consumed alcohol, and Defendant made several remarks about the loaded pistol that he always carried with him. Around 9:00 p.m., Defendant passed out on Sachs' couch with the loaded pistol in his pants.
 

 Earlier in the day, Sachs repeatedly asked Justafort and Weber to ensure that Defendant did not keep a loaded pistol in her house. In response to Sachs' request, Weber took the loaded pistol from Defendant while he was passed out and placed it in a cabinet. Sachs subsequently
 
 *414
 
 took the pistol, removed the bullets, and placed the pistol in a camper she had parked in the yard.
 

 Defendant woke up at approximately midnight and began searching for his pistol. Sachs told Defendant that his pistol was not in her home and that he needed to leave. Instead of leaving, Defendant continued searching for his pistol in Sachs' home and in his vehicle. Defendant began arguing with Sachs near the front gate of her home, and the verbal confrontation became physical. Defendant shoved Sachs to the ground and began yelling that he knew she had taken his pistol.
 

 Fearing retaliation, Sachs went back into her home and retrieved her own pistol. She removed the clip before going back outside to confront Defendant and again demanded that he leave her property. Justafort and Weber did not know Sachs' pistol was unloaded and worried that Sachs would shoot Defendant. The two pushed Sachs, causing her to lose balance, at which time Defendant grabbed the unloaded pistol from Sachs' hands and fled the scene.
 

 That same night, Sachs called 911 to report her firearm stolen. Officers with the Wilmington Police Department apprehended Defendant a few blocks from Sachs' home during the early morning hours of August 20, 2015. Officers searched his vehicle and discovered Sachs' pistol inside a latched spare
 
 *174
 
 tire well, covered by Defendant's personal effects. Police arrested Defendant for larceny of a firearm. When informed that he was being arrested for stealing Sachs' pistol, Defendant responded, "Whoa, whoa, whoa, whoa, what firearm? What gun? What gun?"
 

 It was from this evidence that the jury convicted Defendant of larceny of a firearm. Defendant filed timely notice of appeal.
 

 Standard of Review
 

 It is well settled that a trial court's denial of a motion to dismiss based on insufficiency of the evidence is reviewed
 
 de novo
 
 .
 
 State v. Marley
 
 ,
 
 227 N.C.App. 613
 
 , 614,
 
 742 S.E.2d 634
 
 , 635 (2013). When ruling on a motion to dismiss for insufficiency of the evidence, "the question for [this] Court is whether there is substantial evidence (1) of each essential element of the offense charged ... and (2) of defendant[ ] being the perpetrator of such offense."
 
 State v. Scott
 
 ,
 
 356 N.C. 591
 
 , 595,
 
 573 S.E.2d 866
 
 , 868 (2002) (citation omitted). In reviewing challenges to the sufficiency of evidence, the evidence must be viewed in the light most favorable to the State, and all reasonable inferences are drawn in favor of the State.
 
 Id.
 
 at 596,
 
 573 S.E.2d at 869
 
 (citations omitted).
 

 *415
 
 Evidence is substantial when it is sufficient to "persuade a rational juror to accept a conclusion."
 
 Id.
 
 at 597,
 
 573 S.E.2d at 869
 
 (citation omitted). It is not this Court's role to weigh the evidence; that is the task of the jury.
 
 Id.
 
 at 596-97,
 
 573 S.E.2d at 869
 
 . Rather, if "more than a scintilla of competent evidence ... support[s] the allegations" against a defendant, then the trial court's denial of a defendant's motion to dismiss must be upheld.
 
 State v. Horner
 
 ,
 
 248 N.C. 342
 
 , 344-45,
 
 103 S.E.2d 694
 
 , 696 (1958).
 

 Analysis
 

 "The essential elements of larceny [of a firearm] are: (1) taking the [firearm] of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the [firearm] permanently."
 
 State v. Sheppard
 
 ,
 
 228 N.C.App. 266
 
 , 269,
 
 744 S.E.2d 149
 
 , 151 (2013) (citation omitted). Larceny of a firearm is a felony, regardless of the value of the weapon in question.
 
 N.C. Gen. Stat. § 14-72
 
 (b)(4) (2015).
 

 As an initial matter, it must be noted that Defendant has only challenged the element of intent on appeal. Accordingly, Defendant has abandoned any argument relating to the other three elements of larceny of a firearm and the sole issue to be addressed by this Court is whether substantial evidence was introduced to support the conclusion that Defendant intended to permanently deprive Sachs of her pistol.
 
 See
 
 N.C.R. App. P. 28(b)(6) (2015).
 

 "A man's intentions can only be judged by his words and deeds; he must be taken to intend those consequences which are the natural and immediate results of his acts."
 
 State v. Smith
 
 ,
 
 268 N.C. 167
 
 , 173,
 
 150 S.E.2d 194
 
 , 200 (1966). "Intent is a mental [state that is] seldom provable by direct evidence. [Intent] must ordinarily be proved by circumstances from which it may be inferred."
 
 State v. Bell
 
 ,
 
 285 N.C. 746
 
 , 750,
 
 208 S.E.2d 506
 
 , 508 (1974) (citations omitted). Generally, where a defendant takes property from its rightful owner and keeps it as his own until apprehension, the element of intent to permanently deny the rightful owner of the property is deemed proved.
 
 Smith
 
 ,
 
 268 N.C. at 173
 
 ,
 
 150 S.E.2d at 200
 
 (citation omitted). However, where a defendant takes property for his own "immediate and temporary use" without the intent to permanently deprive the rightful owner of his property, then he is not guilty of larceny but merely trespass.
 
 Id.
 
 at 170,
 
 150 S.E.2d at 198
 
 (citations omitted).
 

 In the present case, Defendant claims that despite being apprehended by law enforcement with Sachs' pistol hidden in the spare tire well of his vehicle, the evidence was insufficient to support a finding that he intended to permanently deprive Sachs of her firearm at the time
 
 *416
 
 of the taking. Defendant contends that the evidence only shows that he took the unloaded pistol from Sachs to prevent serious bodily injury to the Defendant. We disagree.
 

 When viewed in a light most favorable to the State, sufficient evidence supported the inference that Defendant intended to permanently deprive Sachs of her pistol. Even assuming that Defendant initially secured possession
 
 *175
 
 of the pistol in an effort to prevent injury, the jury could infer that Defendant, a former marine, knew or should have known, upon handling the firearm, that it was not capable of discharging a projectile as it was unloaded. However, instead of returning the weapon once he realized it posed no threat to his safety, Defendant fled the scene with the pistol.
 

 Moreover, after he was apprehended by police, Defendant never told the arresting officer that Sachs' pistol was in his vehicle or of his altercation with Sachs. When Defendant was informed that he was being arrested for stealing the pistol, which was found hidden beneath Defendant's personal effects in a latched spare tire well, he feigned ignorance and responded, "Whoa, whoa, whoa, whoa, what firearm? What gun? What gun?"
 

 Defendant's attempt to conceal the firearm in the spare tire well of his vehicle and his subsequent comments to law enforcement after being apprehended provided sufficient evidence to support an inference that Defendant intended to permanently deprive Sachs of her pistol. Accordingly, the trial court did not err in its denial of Defendant's motion to dismiss at the close of evidence, and this contention of error is overruled.
 

 Conclusion
 

 The trial court's denial of Defendant's motion to dismiss for insufficiency of the evidence was proper because the evidence, when viewed in a light most favorable to the State, was sufficient for the jury to find that Defendant intended to permanently deprive Sachs of her firearm. Therefore, we conclude Defendant received a fair trial, free from error.
 

 NO ERROR.
 

 Judges ELMORE and INMAN concur.